# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBO LEVY,<br><br>                  Plaintiff,<br>vs.<br><br>JP MORGAN CHASE HOME,<br><br>                  Defendant. | CASE NO. 10CV1493 DMS (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RESTRAINING ORDER AND MOTION FOR TEMPORARY INJUNCTION**<br><br>[Docs. 3-4.] |

      This matter comes before the Court on Plaintiff's motion for restraining order and motion for temporary injunction.[1] Plaintiff Jacobo Levy, acting *pro se*, filed a complaint and the instant motions on July 19, 2010. Defendant has not yet been served.

      The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (noting that a temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."

---

[1] Although Plaintiff filed two motions, one for restraining order and one for temporary injunction, the motions are largely the same and seek the same relief. Accordingly, the Court construes both motions as a motion for temporary restraining order.

*Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008).  The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  A party seeking injunctive relief under Federal Rule of Civil Procedure 65 must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter,* 129 S. Ct. at 374).

Here, Plaintiff has failed to show a likelihood of irreparable injury in the absence of preliminary relief.  Although it appears Plaintiff seeks an injunction to prevent a foreclosure, the only date provided by Plaintiff indicates the foreclosure sale was scheduled for June 9, 2010.  Presumably, therefore, the foreclosure sale has already occurred.

Plaintiff also fails to establish a likelihood of success on the merits.  Plaintiff's complaint is largely a general recitation of the history of the current "housing crisis."  Plaintiff fails, however, to provide any factual allegations relating to his particular home loan.  Plaintiff provides his address and some figures relating to fees he paid, but there are no other factual allegations on which to base a claim for relief.

Accordingly, Plaintiff's motion for temporary restraining order is denied.

**IT IS SO ORDERED.**

DATED: July 20, 2010

_____
HON. DANA M. SABRAW
United States District Judge