# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBO LEVY,<br><br>       Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE,<br><br>       Defendant. | CASE NO. 10CV1493 DMS (BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Doc. 12] |

  Pending before this Court is Defendant JPMorgan Chase Bank, N.A.'s motion to dismiss Plaintiff's First Amended Complaint. For the reasons stated below, Defendant's motion is granted.

## I.
## BACKGROUND

  Plaintiff entered into a loan for the refinance of a residence located at 2740-2748 Massachusetts, Lemon Grove, CA 91945. (First Amended Complaint ("FAC") at 1.) The loan was secured by a Deed of Trust. (RJN Ex. 1.)[1] Plaintiff subsequently failed to make the necessary loan payments and a Notice of Default was recorded on February 11, 2010. (RNJ Ex. 4.) A Notice of Trustee's Sale was recorded on May 19, 2010. (RJN Ex. 5.) Plaintiff filed a Complaint in this action

---

[1]   In support of its motion to dismiss, Defendant requested the Court to take judicial notice of multiple documents, all of which were recorded with the San Diego County Recorder's Office. These documents are part of the public record and are subject to judicial notice under Federal Rule of Evidence 201. Accordingly, Defendant's request is granted.

on July 19, 2010 and filed a First Amended Complaint (erroneously labeled "Amended Original Petition") on August 9, 2010. (Docs. 1, 7.) In the FAC, Plaintiff states claims for unjust enrichment, quiet title, breach of fiduciary duty, negligence, fraud, breach of implied covenant of good faith and fair dealing, violation of the Truth in Lending Act ("TILA"), intentional infliction of emotional distress, conspiracy, violation of the Real Estate Settlement Procedures Act ("RESPA"), and unfair business practices - 15 U.S.C. § 45. On August 30, 2010, Defendant filed the instant motion to dismiss Plaintiff's FAC. (Doc. 12.) Plaintiff failed to file an opposition to the motion to dismiss and Defendant filed a reply. (Doc. 14.)

## II.
## LEGAL STANDARD

A party may move to dismiss a claim under Rule 12(b)(6) if the claimant fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require a pleading to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court, however, recently established a more stringent standard of review for pleadings in the context of 12(b)(6) motions to dismiss. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).

## III.
## DISCUSSION

Plaintiff failed to oppose Defendant's motion to dismiss the FAC. Under United States District Court, Southern District of California Local Rule 7.1.f.3.c, "[i]f an opposing party fails to file the

papers in the manner required by Civil Local Rule 7.1.e.2., that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Accordingly, the Court finds Plaintiff's failure to file an opposition to Defendant's motion to dismiss constitutes his consent to the granting of the motion. Nonetheless, the Court briefly addresses the merits of Defendant's motion to dismiss and the adequacy of Plaintiff's FAC.

As an initial matter, Plaintiff does not sufficiently identify the loan at issue. He states he "entered into a consumer contract for the refinance of a primary residence located at 2740-2748 Massachusetts[,] Lemon Grove[,] Ca 91945" and references "a 565,000.00 note," but does not provide any further information as to the parties involved or the date the loan closed. (FAC at 1, 4.) Plaintiff further fails to allege the role Defendant played or the interest Defendant has in the subject loan.

**A.   Unjust Enrichment**

Unjust enrichment is not itself an independent claim for relief. *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1490 (2006). The Court therefore construes Plaintiff's purported claim for unjust enrichment as an attempt to plead a claim for relief giving rise to a right of restitution. A party is required to make restitution "if he or she is unjustly enriched at the expense of another. A person is enriched if the person receives a benefit at another's expense." *McBride v. Boughton*, 123 Cal. App. 4th 379, 389 (2004) (citations and quotations omitted). Plaintiff fails, however, to adequately plead facts showing that any enrichment of Defendant was unjust as to him.

**B.   Quiet Title**

To state a claim to quiet title, the complaint must be verified and a plaintiff must include a description of the subject property, the title of the plaintiff as to which determination is sought and the basis of the title, the claims adverse to the title, the date as of which the determination is sought, and a prayer for determination of the title against the adverse claims. Cal. Code Civ. Proc. § 761.020. Aside from the prayer for determination of the title, Plaintiff fails to include any of these elements in the FAC.

**C.   Breach of Fiduciary Duty**

Plaintiff's claim for breach of fiduciary duty also fails. Generally, the relationship between a lending institution and a borrower is not fiduciary in nature. *Nymark v. Heart Fed. Sav. & Loan Ass'n,*

231 Cal. App. 3d 1089, 1093 n.1 (1991).  A fiduciary relationship arises only where the lender takes on a special relationship with the borrower, and Plaintiff fails to allege facts giving rise to a special relationship here.

**D.    Negligence**

To establish a claim for negligence under California law, a party must show (1) a legal duty to exercise due care, (2) a breach of that duty, and (3) that the breach was the proximate or legal cause of the resulting injury.  *Stuart v. U.S. Gov't*, 797 F. Supp. 800, 804 (C.D. Cal. 1992).  Plaintiff alleges Defendant "owed a general duty of care" and "owed a duty of care under TILA, HOEPA, RESPA and the Regulations X and Z."  (FAC at 27.)  However, Plaintiff fails to provide any basis for the imposition of such a duty on Defendant in the FAC and has therefore failed to adequately plead a claim for negligence.

**E.    Fraud**

As to Plaintiff's fraud claim, Federal Rule of Civil Procedure 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake" and is applied by a federal court to both federal law and state law claims.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-03 (9th Cir. 2003).  A pleading will be "sufficient under Rule 9(b) if it identifies the circumstances of the alleged fraud so that the defendant can prepare an adequate answer."  *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995) (quotation omitted).  The same is true for allegations of fraudulent conduct.  *Vess*, 317 F.3d at 1103-04.  In other words, fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged.  *Id.* at 1106 (quotation omitted).  The elements of a fraud claim are false representation, knowledge of falsity, intent to defraud, justifiable reliance, and damages.  *Id.* (quotation omitted).  Here, Plaintiff does not plead a claim for fraud with the requisite particularity.

**F.    Breach of Implied Covenant of Good Faith and Fair Dealing**

"Under California law, a claim for breach of contract includes four elements: that a contract exists between the parties, that the plaintiff performed his contractual duties or was excused from nonperformance, that the defendant breached those contractual duties, and that plaintiff's damages were a result of the breach. A claim for breach of the implied covenant of good faith and fair dealing

requires the same elements, except that instead of showing that defendant breached a contractual duty, the plaintiff must show, in essence, that defendant deprived the plaintiff of a benefit conferred by the contract in violation of the parties' expectations at the time of contracting." *Boland, Inc. v. Rolf C. Hagen (USA) Corp.*, 685 F. Supp. 2d 1094, 1101 (E.D. Cal. 2010) (citations omitted). Plaintiff fails to sufficiently allege any of the elements of this claim, including the existence of a contract between him and Defendant.

**G.    TILA**

Claims for damages under TILA are governed by a statute of limitations of one year, which begins to run from "the occurrence of the violation." 15 U.S.C. § 1640(e). Generally, absent evidence of undisclosed credit terms or fraudulent concealment by a defendant, which Plaintiff does not sufficiently plead here, the violation occurs "at the time the loan documents were signed." *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). To the extent Plaintiff seeks rescission under TILA, such claim is subject to a statute of limitations of three years, which begins to run from "the date of consummation of the transaction." 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). Plaintiff's loan closed in 2006, but Plaintiff did not file the instant action until July 19, 2010, nearly four years later. Furthermore, although equitable tolling may apply to a TILA claim for damages, Plaintiff's allegations are insufficient to support such an application. *See King v. California*, 784 F.2d 910, 914-15 (9th Cir. 1986). Equitable tolling may arise where there is excusable delay by the plaintiff and "may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). There are no allegations in the Complaint to support a claim that Plaintiff acted with due diligence to learn of the statutory violations.

**H.    Intentional Infliction of Emotional Distress**

"The elements of the tort of intentional infliction of emotional distress are: '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. . . .' Conduct to be outrageous must be so extreme as to exceed all bounds of that

1  usually tolerated in a civilized community." *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991) (quoting *Davidson v. City of Westminister*, 32 Cal.3d 197, 209 (1982)). Plaintiff fails to sufficiently allege facts showing that the conduct of Defendant was outrageous and extreme.

**I.    Conspiracy**

Conspiracy itself is not an independent claim for relief. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510-11 (1994); *see also Entm't Research Grp. Inc. v. Genesis Creative Grp.*, 122 F.3d 1211, 1228 (9th Cir. 1997). Rather, civil conspiracy is a "legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equip.*, 7 Cal.4th at 510-11 (citation omitted). The elements of a conspiracy claim are: 1) the formation and operation of the conspiracy, 2) wrongful conduct in furtherance of the conspiracy, and 3) damages arising from the wrongful conduct. *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (1995). Plaintiff makes no allegations in the FAC as to Defendant's role in the alleged conspiracy.

**J.    RESPA**

Plaintiff alleges disclosure violations under RESPA, but does not state which section of RESPA was violated. However, there is no express or implied private right of action under RESPA's disclosure provisions. *See* 12 U.S.C. §§ 2603, 2604; *Bloom v. Martin*, 865 F. Supp. 1377, 1383-86 (N.D. Cal. 1994), *aff'd*, 77 F.3d 318 (9th Cir. 1996); *see also Kerr v. Am. Home Mortg. Servicing, Inc.*, No. 10cv1612 BEN (AJB), 2010 WL 3743879, at *1 (S.D. Cal. Sept. 23, 2010). As no amendment can correct this deficiency, the Court dismisses Plaintiff's RESPA disclosure claim with prejudice.

**K.    Unfair Business Practices, 15 U.S.C. § 45**

Plaintiff includes a claim in the FAC for unfair and unlawful business practices in violation of 15 U.S.C. § 45, the Federal Trade Commission Act ("FTCA"). However, it is well-established that there is no private right of action for violation of the FTCA. *Kerr*, 2010 WL 3743879, at *3. To the extent Plaintiff alleges a violation of California Business & Professions Code § 17200, he has failed to allege factual content sufficient to state a claim to relief that is plausible on its face.

//

//

## IV.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss the First Amended Complaint is granted. Plaintiff's First Amended Complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: November 5, 2010

HON. DANA M. SABRAW
United States District Judge